DISSENTING OPINION



No. 04-99-00781-CV



ANCO INSURANCE SERVICES OF HOUSTON, INC.


d/b/a Wood/Menna & Company,


Appellant



v.



Ron ROMERO d/b/a Physicians, Surgeons and Hospitals Professional Services,


Appellee



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-04605


Honorable David Berchelmann, Jr., Judge Presiding



Opinion by: Phil Hardberger, Chief Justice

Dissenting opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 29, 2000 


 It is undisputed that the Agreement expressly referred to Wood/Menna & Company as a
party; the Agreement was signed by Jay Menna of behalf of Wood/Menna & Company; and, at the
time the agreement was signed, the only entity authorized to do business and doing business as
Wood/Menna & Company was ANCO Insurance Services of Houston, Inc. Under these
circumstances, ANCO Insurance Services, Inc. is entitled to invoke the Agreement's arbitration
clause. Cf., e.g., Carlin v. 3V Inc., 928 S.W.2d 291, 294-97 (Tex. App.--Houston [14th Dist.] 1996,
no writ) (holding that appellee was bound by the arbitration clause contained in an agreement signed
by its assignor when all of appellee's claims arose out of and were directly related to the agreement).

 The majority avoids this result in reliance on two facts: Jay Menna Insurance Agency, Inc.,
operated under the name of Wood/Menna & Co. at the time Romero filed his first lawsuit, and the
Agency continued in existence after its dissolution for purposes of defending and settling lawsuits
against it. See Tex. Bus. Corp. Act Ann. art. 7.12 (Vernon Supp. 1999). But neither fact is relevant.
To determine who or what was bound by the Agreement we must look to the state of affairs existing
when the Agreement was signed, and the sole effect of the Agency's continued existence in this
context was to permit Menna to settle Romero's lawsuit against, and sign the Agreement on behalf
of, the Agency. Certainly it does not alter the dispositive facts--Wood/Menna & Company is
expressly named in and a signatory to the Agreement; at the time the Agreement was signed, the only
legal entity authorized to do business and doing business as Wood/Menna & Company was ANCO
Insurance Services, Inc.; and, therefore, the only entity authorized to invoke the arbitration agreement
on behalf of Wood/Menna & Company is ANCO. The trial court thus erred in denying ANCO's
motion to compel arbitration.

 I respectfully dissent.

 Sarah B. Duncan, Justice

Publish